**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **HALIM YUSIF,** | § | |
| | § | |
| *Petitioner*, | § | |
| **v.** | § | |
| | § | |
| **PAMELA BONDI,** Attorney General; | § | |
| **KRISTI NOEM,** Secretary, U.S. | § | |
| Department of Homeland Security;[1] | § | |
| **TODD M. LYONS,** Acting Director of | § | **EP-26-CV-00596-DCG** |
| Immigration and Customs Enforcement; | § | |
| **MARISA FLORES,** Director, El Paso Field | § | |
| Office, Immigration and Customs | § | |
| Enforcement; and | § | |
| **CURTIS TAYLOR,** Major General, U.S. | § | |
| Army at Fort Bliss (ERO El Paso Camp East | § | |
| Montana), | § | |
| | § | |
| *Respondents*. | § | |
| | § | |

## ORDER TO SUPPLEMENT INFORMATION REGARDING "NEXT FRIEND" STATUS

Esther Bortey seeks to step into Halim Yusif's shoes as his "next friend" to challenge Mr.

Yusif's immigration detention pursuant to 28 U.S.C. § 2241.[2]  To do so, Ms. Bortey must:

(1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action";[3] and

---

[1] The Court assumes that Petitioner sues Secretary Noem in her official capacity. If so, the Court will substitute Secretary Noem's successor as a named Respondent once her successor assumes office. See FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . .").

[2] *See generally* Pet., ECF No. 1.

[3] *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

(2) prove that she is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" by showing "some significant relationship with the real party in interest."[4]

Ms. Bortey argues that "next friend" standing is appropriate here because (1) language barriers and limited legal resources render the Court practically inaccessible to Mr. Yusif while he is detained at Camp East Montana;[5] and (2) she is Mr. Yusif's wife.[6]  However, Ms. Bortey hasn't produced anything that would allow the Court to meaningfully assess whether those contentions are true and, thus, whether "next friend" standing is appropriate under these circumstances.[7]

The Court therefore **ORDERS** Ms. Bortey to file a declaration with supporting documentation by **Tuesday, March 31, 2026**:

> (1) explaining why Mr. Yusif, unlike other habeas petitioners, is unable to prosecute his Petition on his own behalf while detained at Camp East Montana; and
>
> (2) proving that she is, in fact, married to Mr. Yusif.

The Clerk of Court **SHALL MAIL** this Order to:

Halim Yusif
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

and:

Esther Bortey
301 E. Burnsville Parkway, Apt. 318
Burnsville, MN 55337

---

[4] *Id.* at 162, 164.

[5] Pet. at 5.

[6] *Id.* at 1, 5.

[7] *See generally id.*

-3-

**So ORDERED and SIGNED this 17th day of March 2026.**

**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**