**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **HALIM YUSIF,** by and through Esther Bortey, as his Next Friend,<br><br>   ***Petitioner*,**<br>**v.**<br><br>**TODD BLANCHE,** Acting Attorney General;<br>**MARKWAYNE MULLIN,** Secretary, U.S. Department of Homeland Security;<br>**DAVID A. VENTURELLA,** Senior Official Performing the Duties of the Director of ICE;<br>**MARISA FLORES,** Director, El Paso Field Office, Immigration and Customs Enforcement; and<br>**CURTIS TAYLOR,** Major General, U.S. Army at Fort Bliss (ERO El Paso Camp East Montana),<br><br>   ***Respondents*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-00596-DCG** |

## <u>ORDER RECOGNIZING NEXT FRIEND SUBJECT TO OBTAINING COUNSEL</u>

The Court previously ordered Esther Bortey to submit information to prove that she satisfies the requirements to serve as Halim Yusif's "next friend" in these proceedings.[1]  As explained below, Ms. Bortey has demonstrated that she has standing to serve as Mr. Yusif's next friend.  This case, however, cannot proceed unless and until Ms. Bortey obtains counsel.

---

[1] *See generally* Order Suppl., ECF No. 3.

## I.   BACKGROUND

Halim Yusif is a Ghanaian national who is in immigration detention at the Torrance County Detention Center in Estancia, New Mexico.[2]  His wife, Esther Bortey—who is not an attorney[3]—seeks to step into Mr. Yusif's shoes as his "next friend" to file a petition for habeas corpus on his behalf.[4]

Ms. Bortey's request to proceed as Mr. Yusif's next friend raises two questions:

(A)   Does Ms. Bortey have standing to serve as Mr. Yusif's next friend? and

(B)   If so, what functions may she perform as a non-attorney, next friend?

## II.   DISCUSSION

### A.   Ms. Bortey has demonstrated that next-friend standing is appropriate under the circumstances.

Federal courts may only hear and decide cases over which they have subject matter jurisdiction.[5]  To invoke federal subject matter jurisdiction, plaintiffs/petitioners "must establish the requisite standing to sue."[6]  The standing doctrine requires plaintiffs/petitioners to have a "personal stake in the outcome" sufficient to "assure that concrete adverseness which sharpens

---

[2] *See* Pet., ECF No. 1, at 3 ("Petitioner is a citizen of Ghana . . . ."); *see also* Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited June 15, 2026) (indicating that the Government is currently detaining Petitioner at the Torrance County Detention Center).

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[3] *See* Pet. at 12 (indicating that Ms. Bortey is "*Not An Attorney*").

[4] *See generally* Pet.

[5]  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513–14 (2009).

[6] *See Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990).

the presentation of issues."[7]  Unless a plaintiff/petitioner establishes standing, federal courts may

not hear or decide their case.[8]

Under some circumstances, an individual may have standing to pursue a case on another

person's behalf—that is, as their "next friend."[9]  "Most frequently, 'next friends' appear in court

on behalf of detained prisoners who are unable, usually because of mental incompetence or

inaccessibility, to seek relief themselves."[10]  "A 'next friend' does not himself become a party to

the habeas corpus action in which he participates, but simply pursues the cause on behalf of the

detained person, who remains the real party in interest."[11]

Under *Whitmore v. Arkansas*, the "next friend" bears the burden to clearly establish their

standing by satisfying two conditions.[12]  "First, a 'next friend' must provide an adequate

explanation—such as inaccessibility, mental incompetence, or other disability—why the real

party in interest cannot appear on his own behalf to prosecute the action."[13]  "[T]hat explanation

must be supported by relevant proof."[14]  "Second, the 'next friend' must be truly dedicated to the

---

[7] *Baker v. Carr*, 369 U.S. 186, 204 (1962).

[8] *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

[9] *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).

[10] *Id.*; *see also id.* ("Some early decisions in this country interpreted ambiguous provisions of the federal habeas corpus statute to allow 'next friend' standing in connection with petitions for writs of habeas corpus . . . and Congress eventually codified the doctrine explicitly in 1948." (citation modified)); *see also* 28 U.S.C. § 2242.

[11] *Whitmore*, 495 U.S. at 163.

[12] *Id.* at 164.

[13] *Id.* at 163.

[14] *Fanciullo by next friend Fanciullo v. Hillhouse*, Case No. 6:23-cv-00286, 2023 WL 6388084, at *1 (E.D. Tex. June 30, 2023) (citing *Aguilar v. Bragg*, 463 F. App'x 333, 334 (5th Cir. 2012)), *report and recommendation adopted*, No. 6:23-cv-00286, 2023 WL 6387367 (E.D. Tex. Sept. 29, 2023).

best interests of the person on whose behalf he seeks to litigate."[15]  Put differently, the "next friend" must show "some significant relationship with the real party in interest."[16]

### 1.    The Court is "inaccessible" to Mr. Yusif for purposes of next-friend standing.

To proceed as Mr. Yusif's next friend, Ms. Bortey must first provide an adequate explanation for why Mr. Yusif cannot appear on his own behalf to prosecute the action.[17]  Ms. Bortey argues that Mr. Yusif has limited ability to prepare, sign, or file court documents while detained at Camp East Montana.[18]  That's because, according to Ms. Bortey, Mr. Yusif is unable to "read and complete English-language forms" without assistance.[19]  While she doesn't expressly state it, Ms. Bortey implies that there isn't anyone who can assist Mr. Yusif at Camp East Montana.[20]

The Fifth Circuit has recognized that an alien's "[i]nability to understand the English language or the situation" is a "proper use of the 'next friend' application."[21]  This Court

---

[15] *Whitmore*, 495 U.S. at 162.

[16] *Id.* at 164.

[17] *See supra* note 13 and accompanying text.

[18] Pet. at 4–5.

[19] *Id.*; Bortey Decl., ECF No. 9, at 3.

[20] *See generally* Bortey Decl.

[21] *Weber v. Garza*, 570 F.2d 511, 514 n.4 (5th Cir. 1978).

therefore finds that Mr. Yusif's inability to read or complete forms in English support the "use of the 'next friend' application" here.[22]

> **2.      Ms. Bortey has a "significant relationship" to Mr. Yusif for purposes of next-friend standing.**

Regarding the second prong, Ms. Bortey produces evidence that she is married to Mr. Yusif and has "no interest adverse to his own."[23]  Other courts have determined, under similar circumstances, that spouses satisfy *Whitmore*'s "significant relationship" requirement.[24]  This Court agrees with those courts and finds that Ms. Bortey bears "significant relationship" to Mr. Yusif for purposes of next-friend standing.

*****

Because Ms. Bortey has satisfied both *Whitmore* prongs, the Court finds that she has standing to seek habeas relief on Mr. Yusif's behalf.

---

[22] *See id.*

*Cf. Fuente v. U.S. Immigr. & Customs Enf't*, No. SA-26-CA-00062-XR, 2026 WL 300791, at *2 (W.D. Tex. Jan. 30, 2026) (finding that conditions at immigration detention camp "and, in particular, detainees' virtually non-existent access to free legal resources in any language other than English and other materials required to prepare pro se filings" rendered the court inaccessible to the petitioner).

[23] *See* Pet. at 4–5; Bortey Decl. at 4; Certificate Marriage, ECF No. 9, at 6.

[24] *See, e.g.*, *Kortiev v. Rodriguez*, No. SA-26-CA-00971-XR, 2026 WL 754843, at *2 (W.D. Tex. Mar. 13, 2026) ("As to the second element, Next Friend is Petitioner's spouse.  Next Friend has thus established next-friend standing . . . ."); *Maceo Rodriguez* v. *Warden*, No. 25-CV-3626-AGS-MSB, 2026 WL 768623, at *2 (S.D. Cal. Mar. 17, 2026) (determining that next friend satisfied *Whitmore*'s second prong because "she is petitioner's 'wife' and is working 'in support of his [p]etition'"); *Cholakhiam v. Noem*, No. 1:26-CV-01204-JLT-CDB (HC), 2026 WL 440603, at *2 (E.D. Cal. Feb. 17, 2026) ("[Next friend's] representations that she has a 'significant, pre-existing relationship' with Petitioner as his spouse and that she is 'fully dedicated' to his best interests satisfies the second prerequisite under *Whitmore*."); *Cartner v. Davis*, 988 F. Supp. 2d 33, 36 (D.D.C. 2013) ("A close relative, 'such as a parent, spouse, or sibling, who maintain[s] a close personal relationship with the aggrieved' could qualify as a next friend." (quoting *Davis v. Austin,* 492 F. Supp. 273, 275 (N.D. Ga. 1980))); *Mendonca v. I.N.S.*, 52 F. Supp. 2d 155, 160 (D. Mass.), *aff'd*, 201 F.3d 427 (1st Cir. 1999) (determining that the wife of an immigration habeas petitioner was dedicated to his best interests).

**B.      Ms. Bortey must still be represented by counsel to proceed on Mr. Yusif's behalf.**

But while Ms. Bortey may have standing to represent Mr. Yusif's interests in this case,

that doesn't mean she can represent Mr. Yusif *pro se*—that is, without an attorney.  Ms. Bortey

admits in the Petition that she is "not an attorney."[25]  As a general rule, "in federal court a party

can represent himself or be represented by an attorney, but cannot be represented by a

nonlawyer."[26]  Indeed, 28 U.S.C. § 1654—which governs who may manage and conduct cases in

federal court—"only allows for two types of representation: that by an attorney admitted to the

practice of law by a governmental regulatory body and that by a person representing himself."[27]

28 U.S.C. § 2242, however, provides a limited exception in habeas cases like this one.[28]

That statute provides that a "[petition] for a writ of habeas corpus shall be in writing signed and

verified by the person for whose relief it is intended or ***by someone acting in his behalf***."[29]  That

raises two questions:

---

[25] *See* Pet. at 12.

[26] *Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citing *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308–09 (2d Cir. 1991)).

[27] *Id.* (quoting *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 477 (N.D. Tex. 1975), *aff'd sub nom. Pilla v. Am. Bar Ass'n*, 542 F.2d 56, 59 (8th Cir. 1976) (appeal from multidistrict litigation)).

*See also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases *personally or by counsel* as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (emphasis added)).

[28] *Cf. Brown-El v. Hall*, 8 F.3d 20 (5th Cir. 1993) ("A specific statute applies over a more general statute." (citing *Busic v. United States,* 446 U.S. 398, 406 (1980)).

[29] 28 U.S.C. § 2242 (emphases added).

       (1)      Who may act on the petitioner's behalf? and

       (2)      What tasks may they perform on the petitioner's behalf?

The answer to the first question is straightforward—28 U.S.C. § 2242's reference to "someone acting in [a petitioner's] behalf" means "a petitioner's next friend."[30]  Because Ms. Bortey has demonstrated that she is Mr. Yusif's next friend,[31] she can "act[] in [Mr. Yusif's] behalf" for the purposes of 28 U.S.C. § 2242.

The trickier question is what exactly she may do "in Mr. Yusif's behalf."  By its text, 28 U.S.C. § 2242 authorizes next friends to "sign[] and verif[y]" petitions.[32]  And, in some circumstances, the Fifth Circuit has even permitted next friends to file documents (whether or not the petition) on a habeas petitioner's behalf.[33]  Thus, Ms. Bortey was authorized to sign, verify, and file the Petition on Mr. Yusif's behalf.

---

[30] *Whitmore*, 495 U.S. at 162–63 ("Some early decisions in this country interpreted ambiguous provisions of the federal habeas corpus statute to allow 'next friend' standing in connection with petitions for writs of habeas corpus, . . . and Congress eventually codified the doctrine explicitly in 1948." (citing 28 U.S.C. § 2242) (citation modified)); *Weber*, 570 F.2d at 513 (explaining that "[t]he words 'or by someone acting in his behalf' were added to the statute to be consistent with the actual practice of the courts" of "entertaining such so-called 'next friend' applications") (citation modified)).

[31] *See supra* Section II.A.

[32] *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing ***signed and verified*** by the person for whose relief it is intended or by someone acting in his behalf." (emphasis added)).

[33] *See, e.g.*, *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) (determining that petitioner's postjudgment motion "was timely filed" where fellow detainee delivered motion to prison officials for mailing on petitioner's behalf); *see also id.* at 285 n.14 ("[W]e believe [28 U.S.C. § 2242] may be applied to any filing made on behalf of a prisoner in a § 2254 proceeding, including a postjudgment motion under Rule 59(e).").

Although this proceeding concerns a § 2241 petition (whereas *Uranga* involved a § 2254 petition), this Court construes the *Uranga* Court's analysis of § 2242 to apply with equal force here.

Still, though, "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law."[34] Most federal courts have concluded in various contexts that non-lawyers may not serve as a litigant's next friend *pro se*.[35] And while the Fifth Circuit hasn't spoken directly to the issue, most courts have concluded that 28 U.S.C. § 2242 doesn't permit non-attorney next friends to litigate habeas cases *pro se* either.[36]

---

[34] *Weber*, 570 F.2d at 514; *see also id.* (explaining that "[t]he 'next friend' expedient . . . may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined").

[35] *See, e.g.*, *Sprague v. Dep't of Fam. & Protective Servs.*, 547 F. App'x 507, 508 (5th Cir. 2013) ("[T]his Court has held that a party could not proceed *pro se* on behalf of anyone other than himself when he brought suit on behalf of himself, his wife, and her minor child."), *abrogated on other grounds by Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280 (5th Cir. 2023); *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 n.2 (3d Cir. 2020) ("A non-attorney cannot represent another party, even if acting as a next friend." (citing cases)); *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("The fact that a minor or incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle embodied in § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel."); *Bass v. Leatherwood*, 788 F.3d 228, 231 (6th Cir. 2015) (stating that "§ 1654 does not permit plaintiffs to appear *pro se* where interests other than their own are at stake" (internal quotation marks omitted)); *Grappell v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021) (per curiam) ("While individuals in federal court generally 'may plead and conduct their own cases personally,' . . . the right to appear *pro se* does not extend to non-attorney parties representing the interests of others." (citation modified)).

*But see, e.g.*, *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (permitting parents to bring suit *pro se* on behalf of minor children in social security proceedings because those proceedings "essentially involve the review of an administrative record").

[36] *See, e.g.*, *Bush v. Goodall*, 732 F. App'x 135, 137 (3d Cir. 2018) (determining that, even under 28 U.S.C. § 2242, next friends "must have an attorney in order to proceed in federal court").

*See also, e.g.*, *Becerra Cordero v. Warden*, No. 26CV5772 (EP), 2026 WL 1418838, at *2 (D.N.J. May 20, 2026) (determining that non-attorney next friend couldn't represent alien detainee without counsel); *Quevedo-Palamino v. Warden of Calhoun Cnty. Jail*, No. 26-11064, 2026 WL 962397, at *2 (E.D. Mich. Apr. 9, 2026) (same); *Ortiz Molina v. Maydak*, No. 2:26-CV-00097-SCM, 2026 WL 915498, at *1 (E.D. Ky. Apr. 3, 2026) (same); *Argueta-Guevara v. Johnson*, No. 1:26-CV-2161 DAD CSK, 2026 WL 818714, at *1 (E.D. Cal. Mar. 25, 2026) (same); *Garcia v. Warden*, No. 3:26-CV-215-MMH-LLL, 2026 WL 691659, at *1 (M.D. Fla. Mar. 12, 2026) (same).

*But see, e.g.*, *Lucarelli v. United States*, 65 F. App'x 926, 927 (6th Cir. 2003) (suggesting that 28 U.S.C. § 2242 may allow next friends to "prosecute a habeas corpus action on behalf of another" *pro se*); *Romanov ex rel. Romanova v. Frink*, No. CV H-25-3133, 2025 WL 2162290, at *2 (S.D. Tex. July 30,

There's good reason for that—besides curbing the unauthorized practice of law,[37] the rule prohibiting a next friend from litigating *pro se* on behalf of another person exists to protect the rights of the represented party, who may "be bound, or [have] his rights waived, by his legal representative."[38]  This interest in protecting represented parties is particularly important in the habeas context—where the represented party is a detainee whose liberty is at stake.[39]  Were non-attorneys permitted to litigate on behalf of detainees, those non-attorneys' unknowing missteps could prove to be the difference in whether the Court orders a detainee's release.

Considering the weight of authority and interests at stake, this Court joins the majority of courts in concluding that non-attorneys may not represent detainees *pro se* in habeas proceedings.  Thus, unless and until Ms. Bortey obtains counsel, this case can't proceed.

## III.     CONCLUSION

For the foregoing reasons, the Court **CONDITIONALLY RECOGNIZES** Esther Bortey as Petitioner Halim Yusif's "next friend" in this proceeding.

---

2025) (characterizing 28 U.S.C. § 2242 as providing "an exception to the general rule that individuals who do not hold a law license may not represent other parties").

Neither *Lucarelli* nor *Frink* involved a next friend who satisfied the *Whitmore* criteria.  *See Lucarelli*, 65 F. App'x at 927; *Frink*, 2025 WL 2162290 at *2–3.  Thus, it's unclear whether those courts contemplated a next friend proceeding without an attorney (as opposed to just signing and filing pleadings).

[37] *See supra* note 34 and accompanying text.

[38] *See Bush*, 732 F. App'x at 137 (citation modified); *see also Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986).

[39] *See Hassoun v. Searls*, 467 F. Supp. 3d 111, 119 (W.D.N.Y. 2020) ("Habeas proceedings by their very nature frequently implicate weighty liberty interests.").

Before this case proceeds, however, the Court **ORDERS** that, **by July 10, 2026**:

(1)    Ms. Bortey must obtain counsel licensed to practice in the Western District of Texas; and

(2)    Said counsel must file a notice of appearance in this case.

Ms. Bortey **MAY MOVE** for appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B) if she believes that Petitioner meets the eligibility criteria.[40]

Should Ms. Bortey fail to obtain counsel by the above-stated deadline, the Court may dismiss this case without prejudice.[41]

The Court **SUBSTITUTES** Acting U.S. Attorney General Todd Blanche in Former Attorney General Pamela Bondi's place as a named Respondent in this case.[42]

---

[40] *See* 18 U.S.C. § 3006A(a)(2)(B) (permitting the Court to appoint counsel in habeas cases like this one "for any financially eligible person" where "the interests of justice so require").

*See also* Criminal Justice Act Plan – Western District of Texas § IV (May 1, 2023), located at https://www.txwd.uscourts.gov/criminal-justice-act/district-cja-plan-information/ (explaining eligibility criteria for appointment of counsel under the Western District of Texas's Criminal Justice Act Plan).

[41] *See, e.g.*, *Quevedo-Palamino*, 2026 WL 962397, at *2 ("Failure to satisfy the Court's order to [among other things, obtain counsel] may result in dismissal of this case.").

By determining that next friend standing is appropriate here, the Court has determined that Mr. Yusif is unable to proceed on his own behalf —at least as of Ms. Bortey's request for recognition as Mr. Yusif's next friend.  If, however, Mr. Yusif's circumstances change such that he can proceed on his own behalf, he may (1) file a document with the Court indicating as much; and (2) proceed *pro se*—that is, without an attorney.

[42] *Compare* Pet. at 1, *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name . . . .  The court may order substitution at any time . . . .").

The Court also **SUBSTITUTES** David J. Venturella, Senior Official Performing the Duties of the Director of ICE, in Former Acting Director Todd Lyons's place as a named Respondent in this case.[43]

Finally, the Clerk of Court **SHALL MAIL** this Order to **BOTH**:

Halim Yusif
Torrance County Detention Center
209 County Road AO49
Estancia, NM 87016

**AND**:

Esther Bortey
301 E. Burnsville Parkway, Apt. 318
Burnsville, MN 55337

**So ORDERED and SIGNED this 15th day of June 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[43] *Compare* Pet. at 3 ("Respondent Todd M. Lyons is the Acting Director of U.S. Immigration and Customs Enforcement and is sued in his official capacity."), *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").