## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **HALIM YUSIF,** *by and through Esther Bortey, as his next friend,* | § § § § | |
| ***Petitioner,*** | § § | |
| **v.** | § § | |
| **TODD BLANCHE,** *Acting Attorney General*; | § § § | **EP-26-CV-00596-DCG** |
| **MARKWAYNE MULLIN,** *Secretary, U.S. Department of Homeland Security*; | § § § | |
| **DAVID J. VENTURELLA,** *Senior Official Performing the Duties of the Director of ICE*; | § § § | |
| **MARISA FLORES,** *Director, El Paso Field Office, Immigration and Customs Enforcement*; | § § § | |
| **CURTIS TAYLOR,** *Major General, U.S. Army at Fort Bliss (ERO El Paso Camp East Montana),* | § § § § | |
| ***Respondents.*** | § | |

## ORDER DISMISSING CASE WITHOUT PREJUDICE

On June 15, 2026, the Court ordered Esther Bortey, in her capacity as Petitioner Halim

Yusif's next friend in this litigation,[1] to "obtain counsel licensed to practice in the Western

---

[1] *See* Order Recognizing Next Friend, ECF No. 13, at 9 (conditionally recognizing Ms. Bortey as Petitioner's next friend in these proceedings).

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

District of Texas" "by July 10, 2026."[2]  The Court warned Ms. Bortey that the Court would

consider "dismiss[ing] this case without prejudice" if she failed to do so.[3]

The July 10, 2026 deadline expired without Ms. Bortey obtaining counsel.[4]  So, on July

14, 2026, the Court ordered Petitioner to "show cause by August 4, 2026 why the Court should

not dismiss this case for want of prosecution and/or failure to comply with court orders."[5]

Petitioner failed to respond to the Show Cause Order by the August 4, 2026 deadline.

The Court therefore **DISMISSES** the above-captioned case for want of prosecution and

failure to comply with court orders.[6]

That dismissal is **WITHOUT PREJUDICE** to refiling.[7]

The Court **CLOSES** the case.

---

[2] *Id.* at 10 (emphasis omitted); *see also id.* at 9 ("[N]on-attorneys may not represent detainees *pro se* in habeas proceedings.  Thus, unless and until Ms. Bortey obtains counsel, this case can't proceed.").

[3] *Id.* at 10.

[4] Order Pet'r Show Cause, ECF No. 16, at 2.

[5] *Id.* (emphases omitted).

[6] *See* FED. R. CIV. P. 41(b) (authorizing the court to dismiss a civil suit "[i]f the plaintiff fails to prosecute" the case or fails "to comply with . . . a court order").

*See also, e.g.*, *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) ("Rule 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order.").

*See also, e.g.*, *Joe v. Stickney*, No. 3:17-cv-2374, 2017 WL 7000282, at *2 (N.D. Tex. Dec. 29, 2017) ("Rule 41(b) generally applies to habeas proceedings."), *report and recommendation accepted by* 2018 WL 501587 (N.D. Tex. Jan. 19, 2018).

[7] *See* FED. R. CIV. P. 41(b) (providing that although a dismissal under Rule 41(b) ordinarily operates as a dismissal *with* prejudice, "the dismissal order [may] state[] otherwise").

The Clerk of Court **SHALL MAIL** this Order to **BOTH**:

Halim Yusif
Torrance County Detention Center
209 County Road AO49
Estancia, NM 87016

Esther Bortey
301 E. Burnsville Parkway
Apt. 318
Burnsville, MN 55337

**So ORDERED and SIGNED this 5th day of August 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**